DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN


UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    Criminal No. 2019-19
                               )
THOMAS OLIVE II,               )
                               )
          Defendant.           )
                               )


ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
     *For the United States of America,*

**Michael Sheesley**
St. Thomas, VI
     *For Thomas Olive II.*


## ORDER

**GÓMEZ, J.**

   Before the Court is the application of Thomas Olive II ("Olive") to waive his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including August 30, 2019.

   While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest

of justice for several reasons. First, an extension is necessary to allow Olive time to review the facts and evidence in this matter. Second, Olive made his request with the advice and consent of counsel. Third, without an extension, Olive would be denied reasonable time necessary to explore settlement options and prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that  multiple count, multiple defendant "case was complex and required additional time for adequate preparation.").

The premises considered; it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through August 30, 2019, shall be excluded in computing the time within which the trial for Olive must be initiated pursuant to 18 U.S.C. § 3161.

                                                S\_____
                                                  **Curtis V. Gómez**
                                                  **District Judge**