DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                               )<br>          Plaintiff,           )<br>                               )<br>     v.                        )<br>                               )<br>THOMAS A. OLIVE, II and THORNE )<br>A. OLIVE                       )<br>                               )<br>          Defendants.          )<br>                               ) | Criminal No. 2019-19 |

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Michael L. Sheesley**
MLSPC
St Thomas, VI
   *For Thomas A. Olive, II,*

**Carl R Williams**
Smith, Williams, PLLC
St Thomas, VI
   *For Thorne A. Olive.*

## BENCH MEMORANDUM

**GÓMEZ, J.**

Before the Court is the motion of the United States to continue the trial in this matter.

### I.     FACTUAL AND PROCEDURAL HISTORY

On March 21, 2019, a grand jury returned an indictment jointly charging Thomas A. Olive, II, and Thorne A. Olive with one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

On April 17, 2019, Thomas A. Olive, II, and Thorne A. Olive were arraigned on the indictment. At their arraignment, a trial date was set for June 3, 2019. Subsequently, the trial date was continued on multiple occasions after Thomas A. Olive, II, and Thorne A. Olive each moved to continue. A trial date was set for October 21, 2019.

On October 17, 2019, the United States filed a motion to continue the trial date. In its motion, the United States explained that "its key witness, Drug Enforcement Administration's [("DEA")] forensic chemist Corey Nida, located in Dulles[,] [Virginia], tore his Anterior Cruciate Ligament (ACL) and underwent surgery on Thursday, October 17, 2019." *See* United States' Mot. To Continue Trial Date at 1, ECF No. 60. As such, the United States avers that Mr. Nida is unable to travel for the October 21, 2019, trial date. In order to obtain the

presence of Mr. Nida, the United States requests a continuance of the trial date.

## II. <u>DISCUSSION</u>

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, was designed to give effect to the Sixth Amendment right to a speedy trial "by setting specified time limits . . . within which criminal trials must be commenced." *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988). The Act requires that a trial shall start "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The statute provides, however, that certain periods of delay "shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h).

Subsection (h) of 18 U.S.C. § 3161 contains a list of circumstances which merit the exclusion of time from the seventy-day limit imposed by the Speedy Trial Act. Pursuant to that subsection, when a district court makes a Speedy Trial Act time calculation, it "shall" exclude, among other things:

> (3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

>  (B) For purposes of subparagraph (A) of this paragraph, . . . a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial.

18 U.S.C. § 3161(h)(3).

The Third Circuit has explained that "a witness may be deemed 'essential' for the purposes of 18 U.S.C. § 3161(h)(3)(A) even though the government could possibly obtain a conviction without that witness's testimony." *United States v. Hamilton*, 46 F.3d 271, 276 (3d Cir. 1995). The Third Circuit further explained that

> The Senate Judiciary Committee report accompanying the Speedy Trial Act defined an "essential witness" as "a witness so essential to the proceeding that continuation without the witness would *either* be impossible *or* would likely result in a miscarriage of justice." The legislative history of the Speedy Trial Act therefore suggests that the government need not demonstrate impossibility of conviction without the witness before that witness may be deemed "essential." A witness may also be treated as "essential" if, in the absence of that witness's testimony, a miscarriage of justice may likely occur.

*Hamilton*, 46 F.3d at 276-77 (emphasis added) (citations omitted).

Consequently, the Third Circuit held that "where a witness is unquestionably important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial, the district court may treat that

witness as 'essential' for Speedy Trial Act purposes." *Id.* at 277. However, the Third Circuit limited its holding, explaining that "if the witness's testimony will be merely cumulative or substantially irrelevant, the witness should not be deemed essential." *Id.*

Significantly, the Third Circuit has also held that "a witness who cannot testify because of [a] then existing temporary physical or mental illness or infirmity is unavailable for purposes of calculation of time under the Speedy Trial Act." *United States v. Faison*, 679 F.2d 292, 297 (3d Cir. 1982).

Here, the Government must prove that the controlled substance alleged in the Indictment, marijuana, was in fact that controlled substance. DEA forensic chemist Corey Nida performed the forensic tests identifying the substance alleged in the Indictment. As such the testimony of DEA forensic chemist Corey Nida is "unquestionably important to the prosecution's case."

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice because the Government's essential witness, DEA forensic chemist Corey Nida, is unavailable due to a temporary physical illness or infirmity. As such the Court finds that a

brief continuance of the trial date, and the exclusion of such time from the Speedy Trial clock, is appropriate.

The premises considered; it is hereby

**ORDERED** that the motion of the United States, ECF[60], to continue the jury trial is **GRANTED**; it is further

**ORDERED** that the jury trial in this matter previously scheduled for October 21, 2019, is hereby **RESCHEDULED** to commence promptly at 9:00 a.m. on November 12, 2019; and it is further

**ORDERED** that the time beginning from the date of this order granting an extension through November 12, 2019, shall be excluded in computing the time within which the trial for Thomas A. Olive, II, and Thorne A. Olive must be initiated pursuant to 18 U.S.C. § 3161.

S\_____
**Curtis V. Gómez**
**District Judge**